UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA AYÓN, DORA HERNANDEZ, JESUS HERNANDEZ, MARIA LOPEZ, ORBELINA MELARA, LAURA MELGAREJO, AND ARCELIA QUINTERO ALVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>ZERO WASTE SOLUTIONS, INC,<br><br>Defendant. | No. 2:20-cv-02424-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Aurora Ayón, Dora Hernandez, Jesus Hernandez, Maria Lopez, Orbelina Melara, Laura Melgarejo, and Arcelia Quintero Alvarez (collectively "Plaintiffs") seek relief from Defendant Zero Waste Solutions, Inc. ("Defendant" or "Zero Waste") for failure to provide Plaintiffs their accrued vacation benefits upon termination of their employment as required by California law.  Defendant removed the action from state court to this Court based on the theory that Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, thus generating federal jurisdiction.  Presently before the Court are two motions: (1) Plaintiffs' Motion to Remand, ECF No. 7 ("Motion"); and (2) Defendant's

///

Motion to Dismiss, ECF No. 3.  For the reasons that follow, Plaintiffs' Motion to Remand is GRANTED, and Defendant's Motion to Dismiss is DENIED as moot.[1]

## BACKGROUND

Plaintiffs are former unionized (Local 73), custodial employees of Defendant at the Defense Logistics Agency Distribution Deport Center in Tracy, California.  Defendant Zero Waste and Local 73 entered a collective bargaining agreement ("CBA") that provided for paid vacation benefits for the employees at the site.  Plaintiffs allege that Defendant terminated their employment on September 30, 2019.  At the time, their pay stubs showed accrued vacation benefits, but — contrary to California law —these were purportedly never paid out.

California Labor Code § 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

Defendant contends that no payout was required because the terms and conditions of Plaintiffs' employment were subject to the CBA, which states in relevant part that there "shall be no payout of vacation time."  Opp'n at 2-3.

On October 29, 2020, Plaintiffs filed a Complaint in the Superior Court of the State of California, San Joaquin County, seeking recovery of damages, statutory penalties, interest, injunctive relief, and restitution based on claims for (1) failure to pay accrued vacation benefits (Cal. Labor Code §§ 227.3, 218, 218.5, 218.6); (2) failure to pay

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs.  ECF Nos. 4, 8; see E.D. Cal. Local Rule 230(g).

...

earned compensation upon termination (Cal. Labor Code §§ 201, 203, 208, 218, 218.5, 218.6); and (3) unfair business practices in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.).  Zero Waste timely removed the action to this Court on December 7, 2020, citing federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  According to Zero Waste, Plaintiffs' claims are completely preempted by the LMRA thus bestowing jurisdiction on this Court.  The Court disagrees.

## STANDARD

There are two bases for original federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.[2]

When a party brings a case in state court in "which the district courts of the United States have original jurisdiction," the defendant may remove it to the federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015).  A motion to remand is the proper procedure for challenging removal.  Federal courts "strictly construe the removal statute[] and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 550 (9th Cir. 2018) (internal quotation marks omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

///

///

---

[2] Because federal jurisdiction is at the heart of this matter, it is discussed in depth infra.

3

# ANALYSIS

Federal-question jurisdiction is generally governed by the "well-pleaded complaint" rule, which allows for federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. The pleading or anticipation of a federal defense is not enough to justify removal to federal court. Id. at 392-93.

There is an exception to the well-pleaded complete rule under the jurisdictional doctrine of "complete preemption." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003). The complete preemption doctrine "provides that, in some instances, the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law." Id. at 861-62 (internal quotation marks omitted). The Supreme Court has identified only three statutes with such extraordinary preemptive force, one of which is § 301 of the LMRA, 29 U.S.C. § 185. City of Oakland v. BP PLC, 969 F.3d 895, 905-06 (9th Cir. 2020); see Caterpillar Inc., 482 U.S. at 393. Thus, even complaints styled to set forth only state law claims may be preempted by § 301, which provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). Any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law," and may therefore be removed to federal court. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985); see Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1151-53 (9th Cir. 2019) (explaining the history and policy justifications of § 301 preemption).

Despite its wide reach, however, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." Livadas v. Bradshaw, 512 U.S. 107, 123 (1994). For this reason, "[s]etting minimum

4

wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states," and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA. Curtis, 913 F.3d at 1152 (citing Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 919-20 (9th Cir. 2018)). The Ninth Circuit has developed a two-part test to ensure the appropriate application of § 301 preemption. First, the court must ask if the asserted cause of action involves a "right [that] exists solely as a result of the CBA." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016). "The essential inquiry is this: Does the claim seek purely to vindicate a right or duty created by the CBA itself?" Curtis, 913 F.3d at 1152 (quoting Schurke, 898 F.3d at 921) (cleaned up). If yes, the claim is preempted, and the analysis ends. Id.

If not, the second step inquires "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply looking to versus interpreting the CBA." Id. at 1153 (citing Kobold, 832 F.3d at 1033). Courts should construe "interpretation" narrowly in this context. Id. Only where there is an active dispute over the meaning of the CBA terms is preemption justified. Id. "Accordingly, a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." Id.

Plaintiffs' Complaint makes no mention of the CBA and instead focuses entirely on state claims. However, lack of reference to the CBA is not dispositive. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987). This Court must instead first consider if the right asserted — the right to accrued vacation benefits that Defendant did not pay out upon termination — is a right that exists solely because of the CBA. See Kobold, 832 F.3d at 1032.

In California, Plaintiffs acknowledge that there is no obligation of employers to provide paid vacation time. See Mot. at 6. However, if the employee receives vacation benefits, the employer must compensate the terminated employee for all vested vacation

time "unless the union representing that employee has negotiated a [CBA] that otherwise provides." Choate v. Celite Corp., 215 Cal. App. 4th 1460, 1462 (2013) (citing Cal. Labor Code §§ 227.3, 201) (cleaned up); Chissie v. WinCo Foods, LLC, No. 2:09-CV-02915-MCE, 2012 WL 487652, at *7 (E.D. Cal. Feb. 14, 2012) (England, J.) (recognizing this exception within § 227.3); cf. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) ("§ 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on individual employees.") (cleaned up).  A CBA may abrogate "an employee's statutory right under section 227.3 to immediate payment for vested vacation time only if the agreement clearly and unmistakably waives that right." Choate, 215 Cal. App. 4th at 1462.

In Choate, the defendant corporation argued that the plaintiffs' claim under section 227.3 was preempted by LMRA. 215 Cal. App. 4th at 1468. Addressing the first prong of the Ninth Circuit inquiry, the California court held that the claim under section 227.3 was not preempted, as it was "based solely on state law." Id. at 1469. A sister court in this circuit later agreed. See Reyes v. CVS Pharmacy Inc., No. 1:13-CV-00420-AWI, 2014 WL 584317, at *6-8 (E.D. Cal. Feb. 12, 2014) ("If no collective bargaining agreement exists, the right to be paid for vested vacation time is codified in Cal. Labor Code § 227.3.  Thus, this right exists entirely independently of any collective bargaining agreement.")

This Court agrees with Choate and Reyes.  Indeed, Defendant had no obligation to provide vacation benefits to Plaintiffs, but it nonetheless decided to do so.  Under California law, this undoubtedly created rights for Plaintiffs because "vacation pay is simply a form of deferred compensation." Suastez v. Plastic Dress-Up Co., 31 Cal. 3d 774, 780 (1982).  It is true that a CBA may alter these rights, but it does not follow that the CBA is sole source of their creation.  In other words, Defendant offered vacation benefits to Plaintiffs, so the regulation of these benefits falls under state law "with or without the CBA." See McCray v. Marriott Hotel Servs., Inc., 902 F.3d 1005, 1010 (9th Cir. 2018); see also Alarcon v. Windsor Terrace Healthcare, LLC, No. CV 16-6144

PA (AGRx), 2016 WL 4844538, at *3 (C.D. Cal. Aug. 19, 2016) (holding that rights to vacation wages under section 227.3 "are conferred upon employees by virtue of the California Labor Code, and not the CBA").

The Court must next consider if the "state law right is <u>substantially dependent</u> on analysis of the CBA, which turns on whether the claim cannot be resolved by simply looking to versus interpreting the CBA." <u>Curtis</u>, 913 F.3d at 1153 (emphasis added). "Due in part to the presumption against federal preemption the term 'interpret' is defined narrowly.  An action will not be preempted just because the court, to resolve the state claim, needs to consider, refer to, or apply one or more terms of a collective bargaining agreement." <u>Choate</u> at 922-23 (cleaned up).  In <u>Choate</u>, the court held that "resolving that claim only requires a court to ascertain whether the [CBAs] contain clear and unmistakable language waiving Plaintiffs' rights to 'vested vacation time.'  Checking to see whether the [CBAs] affirmatively mention section 227.3 or its protections does not entail interpretation." <u>Id.</u>  In <u>Reyes</u>, the court similarly held that the CBAs in question were "not so ambiguous that the agreement would require interpretation. . . . Looking to the CBA merely to discern that none of its terms is reasonably in dispute, or the simple need to refer to bargained-for wage rates is not enough to warrant preemption." 2014 WL 584317, at *7.

Here, as presented by the parties, a court only need to "look to" the CBA to determine how this state law claim shall be decided.  See <u>Burnside v. Kiewit Pac. Corp.</u>, 491 F.3d 1053, 1060 (9th Cir. 2007); <u>McCray</u>, 902 F.3d at 1011.  The rate of pay and payout availability, among other matters, are explicitly addressed.  CBA at 9-10.  The parties do not appear to disagree on the contents of the CBA beyond if Plaintiffs waived their rights under section 227.3 in a clear and unmistakable fashion.  While this would seem to require interpretation, "a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering section 301 preemption." <u>Burnside</u>, 491 F.3d at 1060 (cleaned up).  In fact, when a reviewing court need only check to see if the CBA contains a waiver, no interpretation is required

7

1 as understood in this context. McCray, 902 F.3d at 1013; see Choate, 215 Cal. App. 4th at 1469 ("Due in part to the presumption against federal preemption, the term 'interpret' is defined narrowly.") (cleaned up). "[T]he bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124.

Ultimately, the claim itself "is the touchstone for this analysis." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001). The Ninth Circuit Court of Appeals has repeatedly stressed that the plaintiff is the master of the complaint. See, e.g., McCray, 902 F.3d at 1013. Because this claim "is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer, 255 F.3d at 691; see Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) ("[T]he Court has sought to preserve state authority in areas involving minimum labor standards."). Finally, the Court is persuaded by the Ninth Circuit's consistent reminder that where "doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, this case is appropriate for remand to state court.

## CONCLUSION

Removing Defendants have not met their burden to demonstrate this Court's federal question jurisdiction. Accordingly, the Court **GRANTS** the Motion to Remand (ECF No. 7) and remands this action to Superior Court for the State of California, San Joaquin County, Case No. STK-CV-UOE-2020-0009206 for lack of federal subject

///
///
///
///

matter jurisdiction.  See 28 U.S.C. § 1447(c).  Defendant's Motion to Dismiss (ECF No. 3) is **DENIED** as moot.[3]

IT IS SO ORDERED.

Dated:  September 7, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has requested fees in this matter, which this Court is authorized to grant.  See 28 U.S.C. § 1447(c).  Such fees are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 552 (9th Cir. 2018) (emphasis added).  Here, it was not objectively unreasonable for Defendant to seek removal.  Numerous courts have acknowledged that preemption under § 301 is a challenging question, noting that "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision."  Cramer, 255 F.3d at 691.  Because this is a question where reasonable jurists can — and do — disagree, costs and attorney's fees are not appropriate.